FILED
U.S. DISTRICT COURT
2012 FEB 29 AM 10: 35
CLERK O Taylor
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GREGORY LASAWN WARE,

    Plaintiff,

v.

ALTON MOBLEY; DOUG WILLIAMS;
Captain JOHN DOE; ANTWON
SMITH; and DON JARRIEL,

    Defendants.

CIVIL ACTION NO.: CV611-134

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Mobley tried to remove the flexible handcuffs Plaintiff was wearing with a Swiss Army knife. Plaintiff contends that the blade on Defendant Mobley's knife "came free", and Plaintiff was cut on his right leg above his ankle. (Doc. No. 1, p. 9). Plaintiff alleges that he was given medical attention immediately thereafter. Plaintiff also alleges that he went to the medical unit the next day because his wound bled throughout the night.

An allegation that a defendant acted with mere negligence in causing a plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31(1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). At most, Plaintiff has set forth a state law

AO 72A
(Rev. 8/82)

tort claim for negligence, and he cannot sustain a section 1983 cause of action against Defendant Mobley.

Plaintiff also names as Defendants: Don Jarriel, the former Warden; Doug Williams, the Deputy Warden; Captain "John Doe", the chief of security; and Lieutenant Antwon Smith, a supervisor. Plaintiff contends that these Defendants are liable because they allowed corrections officers to keep knives on their utility belts.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendants Jarriel, Williams, Doe, and Smith should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim for relief pursuant to 42 U.S.C. § 1983.

**SO REPORTED** and **RECOMMENDED**, this 29th day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE